Filed 11/18/16 (unmodified opn. attached)

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C079831 |
| Plaintiff and Respondent, | (Super. Ct. No. P14CRF0617) |
| v. | ORDER MODIFYING OPINION [NO CHANGE IN JUDGMENT] |
| JULLIAN RUTH RENDON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of El Dorado County, Dylan Sullivan, Judge. Reversed.

Jyoti Malik, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Eric L. Christoffersen, Deputy Attorneys General, for Plaintiff and Respondent.

1

THE COURT:

It is ordered that the opinion filed in this matter on October 27, 2016, is modified as follows:

The second paragraph on page 2 and footnote 2 are deleted, and the following paragraph is substituted in their place:

In addition, under the California Supreme Court's recent decision in *Harris v. Superior Court* (Nov. 10, 2016, S231489) ___ Cal.5th ___ [p. 10], the People are not entitled on remand to withdraw from the plea agreement that resulted in defendant's forgery conviction just because that conviction may be reduced to a misdemeanor under Proposition 47. Accordingly, unless the trial court makes a discretionary determination that defendant would pose an unreasonable risk of danger to public safety, the court must reduce her forgery conviction to a misdemeanor.

The second sentence in the first full paragraph on page 6, all of the remaining paragraphs in the Discussion section of the opinion on pages 6 through 8, and footnote 3 are deleted, and the following sentences are substituted in their place:

That question was answered recently by the Supreme Court in *Harris*. There, "based on the unambiguous language of section 1170.18 and the expressed intent of Proposition 47," the court concluded "that the People are not entitled to set aside [a] plea agreement when [a] defendant seeks to have his [or her] sentence recalled under Proposition 47." (*Harris v. Superior Court*, *supra*, ___ Cal.5th ___ at pp. ____ [pp. 13, 15].) Accordingly, unless the trial court makes a discretionary determination that defendant would pose an unreasonable risk of danger to public safety, the court must reduce her forgery conviction to a misdemeanor in accordance with the terms of section 1170.18. (§ 1170.18, subds. (b), (f).)

This modification does not change the judgment.

BY THE COURT:


/s/_____, J.
Raye, P. J.


/s/_____, J.
Blease, J.


/s/_____, J.
Robi

Filed 10/27/16 (unmodified version)

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C079831 |
| Plaintiff and Respondent, | (Super. Ct. No. P14CRF0617) |
| v. | |
| JULLIAN RUTH RENDON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of El Dorado County, Dylan Sullivan, Judge. Reversed.

Jyoti Malik, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Eric L. Christoffersen, Deputy Attorneys General, for Plaintiff and Respondent.

In this case, the trial court refused to reduce defendant Jillian Ruth Rendon's felony conviction for forgery in violation of Penal Code[1] section 476 to a misdemeanor under Proposition 47 because the court concluded that while the counterfeit bills she possessed had a face value of only $260, other material she also had in her possession -- security strips, Benjamin Franklin faces, and blank pre-cut paper money -- could have been used to make "tens of thousands of dollars" of counterfeit bills. We conclude the trial court erred because section 473 -- the statute that dictates the punishment for forgery -- specifies that where the offense relates to a bank bill or note, the offense is punishable as a misdemeanor "where the value of the . . . bank bill[ or] note . . . does not exceed nine hundred fifty dollars ($950)." Material that could be used to make counterfeit bills has no bearing on the application of section 473, and blank pre-cut paper money has no face value. In applying section 473, only counterfeit bills that have a discernible face value are relevant to the valuation process. Here, defendant possessed counterfeit bills with only $260 in discernible value.

In addition, we conclude the People are not entitled on remand to withdraw from the plea agreement that resulted in defendant's forgery conviction just because that conviction may be reduced to a misdemeanor. Even assuming the right to withdraw from a plea agreement may be available when the reduction of a conviction under Proposition 47 deprives the People of the benefit of the agreement,[2] the People here have not shown that the reduction of defendant's forgery conviction will result in such a deprivation. Accordingly, unless the trial court makes a discretionary determination that defendant would pose an unreasonable risk of danger to public safety, the court must reduce her forgery conviction to a misdemeanor.

---

[1] All further section references are to the Penal Code.

[2] That question is presently before our Supreme Court in *Harris v. Superior Court*, review granted February 24, 2016, S231489.

2

FACTUAL AND PROCEDURAL BACKGROUND

In October 2014, defendant was charged in this case with one count of forgery in violation of section 476, one count of possessing materials used in counterfeiting in violation of section 480, one count of possessing methamphetamine, and one count of possessing heroin, amongst others. Two weeks later, she entered a negotiated plea that covered this case and another, older case. In this case, she pled no contest to the forgery and possession of methamphetamine charges. In the older case, she pled no contest to two other felonies -- another drug possession charge and a larceny charge. The remaining counts in both cases were dismissed in the interest of justice. In exchange for her pleas, defendant was placed on probation for four years and was required to serve a year in jail with no conduct credits (a "*Johnson* year"), with the right to apply for transfer to a drug treatment program after six months.

"On November 4, 2014, California voters approved Proposition 47, the Safe Neighborhoods and Schools Act; and under the California Constitution (art. II, § 10, subd. (a)), it became effective the following day. [Citation.] 'Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors).' " (*People v. Johnson* (2016) 1 Cal.App.5th 953, 956.) Under the provisions of Proposition 47 codified in section 1170.18, "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [Proposition 47] been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by [Proposition 47]." (§ 1170.18, subd. (a).)

3

In February 2015, defendant filed an application to reduce both of her felony convictions in this case to misdemeanors. The People conceded that defendant was entitled to the requested relief with respect to her conviction for possessing methamphetamine but opposed the motion with respect to her forgery conviction.

In April 2015, the court ordered defendant released from jail and ordered her to serve the remaining six months of her term in a residential drug treatment program.

Defendant's application to reduce her convictions under Proposition 47 first came on for hearing in the middle of May 2015. In addition to seeking the reduction of both of her convictions in this case, defendant also sought the reduction of one of her two felony convictions in the other case (the other drug conviction). Ultimately, the court set the matter for an evidentiary hearing on the question of whether defendant's forgery conviction involved less than $950. At that hearing two weeks later, El Dorado County Deputy Sheriff Michael Roberts testified that in October 2014, after arresting defendant during a traffic stop, he found in her backpack two $100 bills and three $20 bills he believed were counterfeit. He could not recall which of those notes were complete, but it was "apparent to [him] she was in the process of making several of them, but only a few were completed." The deputy also testified that he found in the backpack the following items: (1) "probably 200 plus security strips" -- that is, "[t]he little strips that go inside $100 bills that state USA 100"; (2) "dozens and dozens of watermarked Benjamin Franklin faces"; and (3) "pre-cut paper money that appeared to [him to be] dollar bills that had obviously been washed that were now blank to be printed on."

Based on that evidence, the trial court declined to reduce defendant's forgery conviction to a misdemeanor, explaining that because defendant had "hundreds and hundreds, actually tens of thousands of dollars that could potentially have been made with the intent to defraud," "[t]he fact that only $260 of it had actually come to fruition [did not] provide the value of what she had in her possession as it related to the crime of [forgery under section] 476."

4

Defendant timely appealed.

DISCUSSION

On appeal, defendant contends the trial court erred in refusing to reduce her forgery conviction to a misdemeanor because the court "erroneously considered the value of incomplete and inchoate notes." We agree.

As relevant here, section 476 provides that "[e]very person who . . . , with intent to defraud any other person, . . . has in his or her possession, with like intent to utter, pass, or publish, any fictitious or altered bill[or] note, . . . purporting to be the bill[or] note . . . of any real or fictitious financial institution as defined in Section 186.9 is guilty of forgery." Under subdivision (a) of section 473, forgery is generally "punishable by imprisonment in a county jail for not more than one year, or by imprisonment pursuant to subdivision (h) of Section 1170." Under subdivision (b) of section 473, however, with exceptions not applicable here, "any person who is guilty of forgery relating to a . . . bank bill[or] note . . . , where the value of the . . . bank bill[ or] note . . . does not exceed nine hundred fifty dollars ($950), shall be punishable by imprisonment in a county jail for not more than one year . . . ." Thus, the question here is whether the value of the fictitious or altered bank bills or notes defendant possessed did not exceed $950.

Here, the only fictitious or altered bills or notes defendant possessed that had any discernible value were the two $100 bills and the three $20 bills. Nevertheless, the People contend defendant failed to show that the value of all the fictitious or altered bills or notes she had did not exceed $950 because the material she possessed -- security strips, watermarked Benjamin Franklin faces, and blank washed bills -- could have been used to make more than $950 in counterfeit bills.

The People's argument lacks merit. Subdivision (b) of section 473 does not speak to the value of material that could be used to make fictitious or altered bills or notes; it speaks to the value of the fictitious or altered bills or notes themselves -- "the value of the . . . bank bill[ or] note." Here, the only fictitious or altered bills or notes defendant

5

possessed that had any discernible value were the two $100 bills and the three $20 bills. The security strips and Benjamin Franklin faces were not in and of themselves bills or notes, so whatever value they may have had was irrelevant to the application of section 473, subdivision (b). And while the blank washed bills certainly qualified as altered bills or notes, the washed bills had no discernible value because they had been washed so thoroughly that they were blank. Thus, defendant is correct that the evidence here showed that the value of the altered or fictitious bills or notes she possessed did not exceed $950.

The only question that remains is whether, as the People contend, the case should be remanded to the trial court to give the prosecutor the option of withdrawing from the plea agreement because the reduction of defendant's forgery conviction to a misdemeanor "would eviscerate the benefit to the People of the original plea agreement." In raising this point, the People offer very little in the way of argument or authority, instead relying largely on the fact that this issue is currently pending before the California Supreme Court.

Having considered the authorities discussed in the cases on this issue that are under review, we conclude that to the extent the People's argument rests on our Supreme Court's decision in *People v. Collins* (1978) 21 Cal.3d 208, that case is inapplicable here. In *Collins*, the defendant was charged with 15 felony counts but by agreement pled to only one count of nonforcible oral copulation in exchange for dismissal of the other 14 charges. (*Id.* at p. 211.) Before judgment was entered, the court found the defendant to be a mentally disordered sex offender and ordered him committed for an indefinite period. (*Ibid.*) While the defendant was committed, the Legislature decriminalized nonforcible oral copulation. (*Ibid.*) The Supreme Court held the defendant could not be convicted and sentenced as contemplated by the plea agreement, as the pled-to offense was no longer a punishable crime. (*Id.* at p. 213.) At the same time, the court held the People were entitled to restore the dismissed counts. (*Id.* at p. 215.) This was because

6

the change in law had "destroy[ed] a fundamental assumption underlying the plea bargain -- that [the] defendant would be vulnerable to a term of imprisonment" -- thus depriving the People of the benefit of the plea agreement.  (*Ibid.*)

In contrast to *Collins*, here the People have not shown that they will be deprived of the benefit of the plea agreement if defendant's forgery conviction is reduced to a misdemeanor.  Under the plea agreement at issue here, defendant pled no contest to four felony counts in two cases, but received a grant of probation subject to a "*Johnson* year" in jail, with the right to seek placement in a treatment program after six months.[3] Reducing defendant's forgery conviction to a misdemeanor will have no effect on the disposition defendant received because the trial court will be under no obligation to alter that disposition in the slightest, given that defendant remains convicted of at least one felony in the other case that was before the trial court, and the disposition defendant received could have been imposed for that single felony conviction alone.

We recognize that the reduction of the forgery conviction to a misdemeanor will alter the maximum prison sentence defendant would be subject to in the event defendant violates the terms of her probation and the court refuses to reinstate her on probation. The People have not shown, however, that defendant's maximum exposure was so material to the prosecutor's decision to enter into the plea agreement that the loss of the felony forgery conviction necessarily deprives the People of the benefit of their agreement.  On this point, it is significant to note that when defendant sought the reduction of her other felony conviction in this case -- for possession of methamphetamine -- to a misdemeanor, as well as the reduction of the other drug possession conviction in the other case that was part of the plea agreement, the prosecutor did not argue that those reductions would deprive the People of the benefit of the plea

---

[3]     Defendant has since completed six months in jail and been accepted into a treatment program.

agreement; instead, the prosecutor simply submitted the matter. If the loss of two felony drug convictions did not deprive the People of the benefit of their agreement, then we are at a loss to understand why the loss of this felony forgery conviction would do so.

For the foregoing reasons, we find no basis for the People to withdraw from the plea agreement with defendant, even if such a withdrawal were otherwise permissible under Proposition 47. Accordingly, unless the trial court makes a discretionary determination that defendant would pose an unreasonable risk of danger to public safety, the court must reduce her forgery conviction to a misdemeanor in accordance with the terms of section 1170.18. (§ 1170.18, subds. (b), (f).)

DISPOSITION

The trial court's order denying defendant's application to reduce her forgery conviction to a misdemeanor under Proposition 47 is reversed, and the matter is remanded to the trial court for further proceedings on that application.


/s/_____
Robie, J.



We concur:



/s/_____
Raye, P. J.



/s/_____
Blease, J.

8